**Fermin RAYA–CHAVEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73704.

Agency No. A77–850–993.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Robert L. Lewis, Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Fermin Raya–Chavez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order affirming, without opinion, an immigration judge's ("IJ") denial of his application for cancellation of removal for failure to establish ten years of continuous physical presence. We have jurisdiction under 8 U.S.C. § 1252. We review findings of fact for substantial evidence. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). We deny the petition for review.

Substantial evidence supports the IJ's determination that Raya–Chavez did not meet his burden of proving that he was not absent from the United States for more than 180 days during the relevant ten-year period. *See* 8 U.S.C. § 1229b(d)(2); *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 963 (9th Cir.2003). The record does not compel a contrary conclusion given that Raya–Chavez proffered inconsistent testimony regarding his numerous absences from the United States, and specifically failed to submit adequate documentary evidence to account for his presence in the United States between December 1991 and July 1992. *Cf. Vera–Villegas v. INS,* 330 F.3d 1222, 1234 (9th Cir.2003) (holding that inadequate documentary evidence did not bar application for cancellation where oral and written testimony was otherwise sufficient). Raya–Chavez's contention that the IJ ignored his documentary evidence is not supported by the record.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Raya–Chavez's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a no-

tice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

